IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION



| | |
|---|---|
| BARBARA L. BREEDEN, | ) |
| Plaintiff, | ) Civil Action No. 5:08CV00070 |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| Defendant. | ) United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Barbara L. Breeden, was born on December 16, 1954 and eventually completed the eleventh grade in school. Mrs. Breeden has worked as a janitor, housekeeper, cashier, and in-home companion. She last worked on a regular and sustained basis in 2000. On October 14, 2005, Mrs. Breeden filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on October 1, 2000, due to osteoarthritis in her spine, back pain, sarcoidosis, chronic bronchitis, and interstitial lung disease. Mrs. Breeden now maintains that she has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See 42 U.S.C. § 423.

Mrs. Breeden's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 30, 2007, the Law Judge also determined that Mrs. Breeden is not disabled. The Law Judge found that plaintiff experiences severe impairments on the bases of a back impairment and history of sarcoid/lung disease. Despite these impairments, the Law Judge ruled that plaintiff retains sufficient functional capacity to return to her prior work roles as a cashier, housekeeper, companion, and deli clerk. Accordingly, the Law Judge ultimately concluded that Mrs. Breeden is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Breeden has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. While the medical record establishes that Mrs. Breeden suffers from breathing impairments and loss of visual acuity in her

2

right eye, her primary problems result from a back condition. In assessing the functional limitations caused by plaintiff's impairments, the Administrative Law Judge explicitly relied on two consultative reports as well as medical assessments completed by nonexamining state agency physicians. (TR 22). Those physicians relied, in part, on an MRI of the lumbar spine performed in May of 2000, which demonstrated some disc bulging, but no herniated disc or significant spinal stenosis. The Law Judge also cited this MRI report. (TR 18). The difficulty in this case is that a second MRI, completed on August 21, 2007, revealed L4-5 posterior stenosis, as well as marked stenosis at L5-S1. Based on the new MRI report, a treating orthopaedic specialist, Dr. Olumide Danisa, recommended surgical intervention. Plaintiff's treating physician also cited the new MRI report in opining that Mrs. Breeden is now totally disabled for all forms of substantial gainful activity.

In light of the new MRI study, the court believes that the only reasonable alternative is to remand the case to the Commissioner for further development. It is abundantly clear that the reports on which the Administrative Law Judge relied in denying entitlement were based on outdated medical studies. The new MRI report, completed within the period of time adjudicated by the Administrative Law Judge, clearly reveals much more significant mechanical dysfunction in plaintiff's lower back. In such circumstances, the court believes that there is "good cause" for remand of the case to the Commissioner for development of additional reports, and receipt of expert opinion, as to whether the current level of degenerative disease process is so severe as to prevent performance of all forms of sustained work activity.

On appeal to this court, plaintiff argues that the new medical evidence clearly demonstrates that she is totally disabled, and that remand is unnecessary. The court is unable to agree. The

3

treating orthopaedic specialist, Dr. Danisa, offered no opinion as to whether plaintiff's lower back problems are so severe as to prevent lighter forms of work activity. Moreover, there is some reason to believe that plaintiff's symptoms could be relieved through surgical intervention, as recommended by Dr. Danisa. While plaintiff testified that she suffers from severe and debilitating back pain, the record is unclear as to whether disabling subjective discomfort is consistent with the level of dysfunction demonstrated by the MRI. The court believes that it will be necessary to receive input from a consultant or medical advisor in resolving this question.

In passing, the court notes that if Mrs. Breeden is disabled for her past relevant work, and is now limited to sedentary exertion, the Administrative Law Judge's findings as to plaintiff's age, education, and prior work experience would suggest a determination of disabled under the medical vocational guidelines. See 20 C.F.R. § 404.1569, and Rule 201.09 of Appendix II to Subpart P of the Administrative Regulations, Part 404.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration as outlined above. If the Commissioner is unable to decide the matter in plaintiff's favor based on the existing record as supplemented with input from an appropriate medical consultant or medical advisor, the Commissioner shall conduct a new administrative hearing at which both sides will be allowed to present further evidence and argument. An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 12th day of February, 2009.

*[signature]*

United States District Judge

4